1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division
4  MOHIT GOURISARIA (CABN 320754)
   Assistant United States Attorney
5
6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7063
       Fax: (415) 436-7234
8      mohit.gourisaria@usdoj.gov

9  Attorneys for United States of America

                UNITED STATES DISTRICT COURT
10
                NORTHERN DISTRICT OF CALIFORNIA
11
                    SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,            )   CASE NO. CR 20-71406 MAG
                                         )
14          Plaintiff,                   )   MEMORANDUM IN SUPPORT OF THE UNITED
                                         )   STATES' MOTION FOR DETENTION
15      v.                               )
                                         )   Judge:  Hon. Nathanael M. Cousins
16  ADRIAN KYLE BENJAMIN,                )   Date:   October 8, 2020
                                         )   Time:   10:30 a.m.
17          Defendant.                   )
                                         )
18

19      The COVID-19 pandemic has caused an exponential rise in the online exploitation of children,

20  especially the enticement of children to produce sexually explicit content.[1] And predators like Benjamin

21  are to blame. Benjamin, a 24-year-old male, has a penchant for exploiting children over the internet. A

22  review of his devices pursuant to a March 2020 search warrant revealed that at least three children have

23  been victimized by him, enticed and manipulated to produce and send sexually explicit images and

24  videos. For purposes of detention, more concerning is Benjamin's inability (or perhaps simply his

25  refusal) to mend his ways. Since he was interviewed by law enforcement and his devices seized,

26

27  [1] *See, e.g.*, https://www.scientificamerican.com/article/the-coronavirus-pandemic-puts-children-at-risk-of-online-sexual-exploitation/ (last accessed October 5, 2020);
28  https://www.cnn.com/2020/05/25/us/child-abuse-online-coronavirus-pandemic-parents-investigations-trnd/index.html (last accessed October 5, 2020).

Benjamin, with the help of his mother and his mother's boyfriend, acquired new electronic devices. And he continued to engage in sexually explicit conversations with minors.

Benjamin is charged by complaint in this case with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). His charged conduct — which carries a presumption of detention — combined with his decision to continue sexually enticing minor victims, proves that Benjamin is a danger to the community who should be detained.

## I.      Legal Standard

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant presents a risk of non-appearance need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.

Because this is "an offense involving a minor victim" under § 2252(a)(2), "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). Once this presumption is triggered, "the defendant [must] produce some credible evidence forming a basis for his contention that he will appear and not be a threat to the community." *United States v. Thomas*, 667 F. Supp. 727, 728 (D. Or. 1987); *see also United States v. Castaneda*, No. 18-CR-00047-BLF-1, 2018 WL 888744, at *4 (N.D. Cal. Feb. 14, 2018). And even where a defendant offers evidence to rebut the presumption, courts consider four factors to determine whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

## II. Argument

Here, there already exists a rebuttable presumption *for* detention — a presumption that, for reasons discussed below, Benjamin cannot overcome. Moreover, even if Benjamin were able to rebut the presumption, the § 3142(g) factors weigh against pretrial release.

### A. Instant Offense

Benjamin began communicating with Minor Victim 1 in 2018 — when she was about 14 years old. This was a fact that Benjamin knew and cherished.

| | |
|---|---|
| [Benjamin]: | I'm bot [sic] going to leave you because of your age dummy. How old are you? 16? 15? 32? |
| Minor Victim 1: | 14 … turning 15 on [REDACTED] |
| [Benjamin]: | Okay that's fine<br>You're still my little girl<br>Jeez<br>I still love you<br>Okay? |

When executing a search warrant on Benjamin's electronic devices, the FBI found numerous sexually explicit images and videos of Minor 1. These videos, which are consistent with the descriptions provided by Minor Victim 1 to law enforcement, include the following:

- Video of what appears to be a female digitally penetrating her vagina with her middle and ring fingers.
- Video of what appears to be a screen recording from Snapchat of a female digitally penetrating her vagina with her middle and ring fingers.
- Video of what appears to a screen recording of a fully naked female sitting on the floor exposing her breasts and vagina. The female is massaging her breasts and digitally penetrating her vagina with her middle and ring fingers.
- Video of what appears to be a screen recording from Snapchat of a female digitally penetrating her vagina with her middle and ring fingers.

During the search of his residence, Benjamin was interviewed by the FBI. He told agents that he meets many girls online through gaming platforms like Overwatch and then chats with them through applications like Discord, Instagram, and Snapchat. When shown images of the Minor Victim 1,

Benjamin stated that he recognized her and provided her true name. He said that he believed she was 16 or 17 years old, and admitted to exchanging sexually explicit images and videos with her.

In addition to Minor Victim 1, Benjamin enticed several other children, and received sexually explicit images and videos from *at least* two others.[2] Minor Victim 2 was about 13 or 14 years old when she engaged in sexual chats and sexual videos with Benjamin. Minor Victim 3 was about 15 years old when she sent sexually explicit images to Benjamin and masturbated on video chats with him. Moreover, Benjamin didn't just receive child pornography from his minor victims — he made them produce it. He can often be seen instructing his victims and/or masturbating in his video calls with them.

Benjamin's communications with minor victims reflect a mastery over techniques that are known to be used by sexual predators of children, such as asserting himself as an authority figure, using romantic or intimate language, engaging in sexually explicit conversations, indicating a desire to meet in person, and using guilt to deter children from disengaging from contact. His conduct poses no less danger than — and can be as lethal as — loaded weapons or addictive drugs. Suicide, lifelong symptoms of post-traumatic stress disorder, and chronic difficulties with trust and intimacy are some of its documented consequences.[3]

### B. Continuing Predatory Conduct

When the FBI interviewed him in March, Benjamin seemed surprised to hear that it was illegal to obtain child pornography from minors online. But Benjamin had ample opportunity to mend his ways after the FBI first confronted him and seized his devices. Instead, Benjamin acquired new devices with the help of his mother and his mother's boyfriend, and then continued to engage in sexually explicit conversations with potential minors.

As an example, in the months following the execution of the March search warrant, Benjamin engaged in the following conversations with Discord User 2 — whose profile and messages strongly indicate that she is a minor.

---

[2] His phone contained evidence of multiple conversations with potential additional victims. Other records confirm that Benjamin has a pattern of reaching out to females, several of whom are confirmed minors, and engaging in enticement and grooming behavior.

[3] *See* https://www.scientificamerican.com/article/the-coronavirus-pandemic-puts-children-at-risk-of-online-sexual-exploitation/ (last accessed October 5, 2020).

| | | |
|---|---|---|
| 1 | *April 22, 2020* | |
| | Discord 2: | Why is ur game name kyle but ur discord name Jade? |
| 2 | [Benjamin]: | Its part of a long story lol |
| | Discord 2: | So are u a guy or a girl? |
| 3 | [Benjamin]: | Im a guy |
| | | I think |
| 4 | Discord 2: | Okie |
| | [Benjamin]: | Lemme check |
| 5 | | Yup still a guy |
| | [Benjamin]: | Wait how old are you |
| 6 | Discord 2: | Guess |
| | | How old do I seem |
| 7 | [Benjamin]: | Id say an educated guess would be *[Note: This is verbatim from Discord returns. Nothing further was reported.]* |
| 8 | Discord 2: | Yeee |
| | | Good job |
| 9 | | I mean yeah pretty much |
| | [Benjamin]: | Fuck im good lmao |
| 10 | | |
| | [Benjamin]: | Why are you up child |
| 11 | | I just broke up with someone a couple days ago and theyre from Texas |
| 12 | Discord 2: | Are you putting your Minecraft beds together |
| | [Benjamin]: | Im just going over for a quick fuck in the able sisters store |
| 13 | | |
| | *April 23, 2020* | |
| 14 | [Benjamin]: | My sex dungeon |
| | | Lots of things to use |
| 15 | | Im trying to get casting couch |
| | | You can go fuck yourself down there LOL |
| 16 | | Ok get naked and come to dungeon |
| | Discord 2: | Oki |
| 17 | [Benjamin]: | You wanna do thr [sic] fucking or be fucked |
| | Discord 2: | U choose |
| 18 | [Benjamin]: | You know how to record video right |
| | Discord 2: | U just hold it down right |
| 19 | [Benjamin]: | Yup |
| | | It caps last 30 seconds |
| 20 | | |
| | *April 24, 2020* | |
| 21 | [Benjamin]: | When is your bday again |
| | | Jan? |
| 22 | | You were like |
| | | I wish youbwere [sic] younger and lived near me |
| 23 | | And it wouldnt be weird calling you daddy |
| | Discord 2: | I hate online schoooolllllll |
| 24 | | My English teacher is a dick so I just dont do his work |
| | | The only thing I can keep up with is math |
| 25 | | And sometimes science |
| | | My school also shoved most classes together so I only have science math eng and history |
| 26 | | And pe on tues and thurs |
| 27 | | |
| | [Benjamin]: | You're literally gonna be like a sex toy to me |
| 28 | Discord 2: | Am I really bout to drive up to bay for a fuck |
| | | Ur a whole 7 hours away |

UNITED STATES' DETENTION MEMORANDUM
CR 20-71406 MAG                                  5

| | | |
|---|---|---|
| 1 | [Benjamin]: | Plus i can come down there too |
| 2 | [Benjamin]:<br>Discord 2: | You probably touch yourself more than me no cap<br>I never said that |
| 3 | [Benjamin]:<br>Discord 2: | You dont have to<br>I said I was a virgin |
| 4 | [Benjamin]: | So key is to get get really wet before I thrust in |
| 5 | *April 25, 2020*<br>[Benjamin]: | You should try lightly pinching and twisting your nipples |
| 6 | | Twist and pull till you slip off<br>Grope yourself while rubbing yourself |
| 7 | | Or maybe you have to hear me order you to |
| | Discord 2: | Maybe |
| 8 | [Benjamin]: | How about you try doing it rn<br>For daddy (; |
| 9 | Discord 2: | Okayyyyy |
| | [Benjamin]: | Lemme know how you like it |
| 10 | | Are you doing okay babygirl<br>I dont think i have you permission to rub |
| 11 | | Unless you are counting my suggestion |
| | Discord 2: | I am sorry |
| 12 | | I haven't came yet tho<br>Daddy can I cum? |
| 13 | [Benjamin]: | Are you like<br>Fully masturbating? |
| 14 | | Okay switch hands and finger with your right and suck the wet off your left |
| | Discord 2: | Yes daddy |
| 15 | [Benjamin]: | Good girl<br>I want you to do that till the wet is all off your fingers |
| 16 | | Let me know when you finish that |
| | Discord 2: | It's all gone |
| 17 | [Benjamin]: | Thats my girl<br>Now switch again and suck your right |
| 18 | | |
| | [Benjamin]: | Can i actually trust you |
| 19 | Discord 2: | Yee<br>Where did that question come from? |
| 20 | [Benjamin]: | I just |
| | Discord 2: | You won't |
| 21 | | I would never tell anyone |
| | [Benjamin]: | Im an adult right |
| 22 | Discord 2: | But if it makes you uncomfortable we can just be friends and talk normal until later |
| 23 | [Benjamin]: | Bruh itll be again |
| | Discord 2: | You don't actually touch me |
| 24 | [Benjamin]: | True..<br>Why do you actually want me to fuck you lmao |
| 25 | | |
| | [Benjamin]: | We can't treat it like a relationship okay |
| 26 | | What's off limits for you<br>Besides meeting |
| 27 | Discord 2: | Wym |
| | [Benjamin]: | Like what are things we arent going to do |
| 28 | | Since phone sex is gonna be a thing<br>Like are we gonna send nudes etc |

UNITED STATES' DETENTION MEMORANDUM
CR 20-71406 MAG                                                6

| | | |
|---|---|---|
| Discord 2: | Uhmmmmmmm idkkkk |
| [Benjamin]: | Youve neber [sic] send nudes huh |
| Discord 2: | You tell me ur limits first while I think |
| [Benjamin]: | I have no limit besides no saving sexual content |
| Discord 2: | If we aren't saving it then should we use snapchat? |
| [Benjamin]: | Yup |

*April 26, 2020*
| | |
|---|---|
| [Benjamin]: | I kinda wanna cum but people are home |
| | I can get hard |
| | Why |
| Discord 2: | Why can't you cum? |
| [Benjamin]: | I mean i can i guess |
| | Should I? |
| | You want anything while i do it |
| Discord 2: | Do I want nudes? |
| | Sure |
| [Benjamin]: | Sure thing |
| | You wanna touch with me or is it too risky |
| Discord 2: | I think I cannnn |
| [Benjamin]: | Okie dokes |
| | Pants off? |
| Discord 2: | Always |
| [Benjamin]: | Rub, but on the outside of your panties |
| Discord 2: | Yes daddy |
| [Benjamin]: | Use your other hand to play with your nipples and squeeze your tits |
| Discord 2: | Yes daddyyy |
| [Benjamin]: | Good girl |
| | Hmmmcheck snap |
| [Benjamin]: | Now you can move your panties aside and rub your clit |
| Discord 2: | Thank you daddy |
| [Benjamin]: | You think you can show me putting one finger in? |
| Discord 2: | Yessss |
| [Benjamin]: | Good girl |

*April 30, 2020*
| | |
|---|---|
| [Benjamin]: | Shower picks sc |

*May 5, 2020*
| | |
|---|---|
| Discord 2: | Maybe I am actually good at deepthroating lmao |
| [Benjamin]: | Hmmmmm |
| | I guess we'll see when i fuck you right? |

In short, no matter what his impetus or justifications may have been, Benjamin has proven himself undeterred by the law and capable of finding the means and opportunities to endanger children. There is no reason to expect that he will pose any less danger if released.

### C. COVID-19 Does Not Warrant Pretrial Release

Magistrate Judges in this Court have held that the current health crisis does not alter the criteria for detention under the Bail Reform Act.[4] Nothing about the COVID-19 pandemic mitigates the danger that Benjamin will continue to entice children to produce and send sexually explicit content to him. To the contrary, as discussed above, limitations wrought by the pandemic make it *more* likely that he will successfully exploit his home- and computer-bound victims. Finally, the government is aware of no facts (such as advanced age or medical condition) that would place Benjamin at greater risk of developing a serious illness if he contracted COVID-19.

### D. The § 3142(g) Factors Weigh Against Pretrial Release.

"The presumption [of detention] is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086 (internal quotation marks omitted). Here, even if Benjamin were to rebut the presumption of pretrial detention, the § 3142(g) factors weigh against pretrial release. *Cf. United States v. Marigny*, No. 20-MJ-70755-MAG-1, 2020 WL 4260622, at *1 (N.D. Cal. July 24, 2020) (granting motion to revoke pretrial release order where defendant masqueraded as a teenage girl on Instagram to induce, entice, persuade, and use preteen and teenage boys to create and send him visual depictions of sexually explicit conduct, and to engage in sexual conduct.)

<u>The nature and circumstances of the offense charged</u>. Congress has recognized that, "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. at

---

[4] In a written order, U.S. Magistrate Judge Susan van Keulen rejected a motion for release premised on the emergence of COVID-19, concluding that the existence and spread of COVID-19 did nothing to undermine the Court's previous findings regarding risk of non-appearance and danger to the community. *United States v. Trujillo*, No. 20-CR-00028-EJD-1 (SVK), Dkt. 15 (N.D. Cal.); *see also*, *e.g.*, *United States v. Sanchez*, No. 19-CR-00576-VC (JSC), Dkt. 23 (N.D. Cal.) (oral order denying bail motion premised on COVID-19 concerns); *United States v. Traore*, No. 20-CR-029-VC (JSC), Dkt. 28 (N.D. Cal.) (same); *United States v. Campos*, No. 19-CR-0280-RS (JSC), Dkt. 95 (N.D. Cal.) (same); *cf. In the Matter of the Extradition of Alejandro Toledo Manrique*, No. 19-MJ-71055-MAG-1 (TSH), Dkt. 115 (granting motion for release premised on COVID-19 concern in extradition proceeding, with different standards for release than under the Bail Reform Act, where defendant was more than 70 years old).

3009, 3009-27 (1996). Additionally, the Supreme Court has said that child pornography "produces concrete and devastating harms for real, identifiable victims." *Paroline v. United States*, 572 U.S. 434, 457 (2014). Courts considering the matter have thus found that even possessing child pornography — let alone receiving it after enticing victims to produce the material — weighs in favor of detention. *See United States v. Bell*, No. SACR 08-00087-MMM, 2008 WL 11411709, at *2 (C.D. Cal. June 6, 2008) (collecting cases).

<u>Weight of the evidence</u>. Though the "least important of the various factors," courts must consider the evidence in terms of the likelihood that defendant will pose a danger. *Hir*, 517 F.3d at 1090. As discussed above, the weight of the evidence against Benjamin is considerable, and includes his receiving child pornography from at least three minor victims.

<u>Defendant's history and characteristics</u>. Though Benjamin appears to have family ties and a lack of criminal history, his decision to continue engaging in sexually explicit conversations with potential minors even after the FBI executed a search warrant in his home confirms that he is a predator who, regardless of the conditions imposed, will remain a threat to children if granted pretrial release.

<u>Nature and seriousness of the danger to the community</u>. Danger is no less real simply because it occurs online. The potential further commission of similar offenses against minor victims poses a grave risk to potential victims and the community at large. The production, collection, and/or transmission of child pornography inflicts lifelong damage on its victims.

*****

Because there are no conditions of release that could reasonably assure the safety of the community, in particular Benjamin's minor victims, the United States requests that he be detained.

DATED:  October 6, 2020

Yours sincerely,

DAVID L. ANDERSON
United States Attorney

 /s/ Mohit Gourisaria
MOHIT GOURISARIA
Assistant United States Attorney