DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOHIT GOURISARIA (CABN 320754)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7063
    Fax: (415) 436-7234
    mohit.gourisaria@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ADRIAN KYLE BENJAMIN, <br><br> Defendant. | CASE NO. CR 20-71406 MAG <br><br> UNITED STATES' MOTION TO <br>  (1) REVOKE RELEASE ORDER AND ORDER DEFENDANT DETAINED <br>  (2) TEMPORARILY STAY MAGISTRATE JUDGE'S ORDER GRANTING RELEASE <br><br> Judge: Hon. Edward M. Chen <br> Date: October 14, 2020 <br> Time: 2:30 p.m. |

**Motion to Revoke Release Order and Order Defendant Detained**

The COVID-19 pandemic has caused an exponential rise in the online exploitation of children, especially the enticement of children to produce sexually explicit content.[1] And predators like Benjamin are to blame. Benjamin, a 24-year-old male, has a penchant for exploiting children over the internet. A review of his devices pursuant to a March 2020 search warrant revealed that *at least* three children have

---

[1] *See, e.g.*, https://www.scientificamerican.com/article/the-coronavirus-pandemic-puts-children-at-risk-of-online-sexual-exploitation/ (last accessed October 5, 2020); https://www.cnn.com/2020/05/25/us/child-abuse-online-coronavirus-pandemic-parents-investigations-trnd/index.html (last accessed October 5, 2020).

UNITED STATES' MEMORANDUM RE RELEASE ORDER
CR 20-71406 MAG                      1

been victimized by him, enticed and manipulated to produce and send sexually explicit images and videos. Benjamin also suggested to his minor victims that they meet in person for sex. For purposes of detention, perhaps most concerning is Benjamin's inability (or simply his refusal) to mend his ways. Since he was interviewed by the FBI and his devices seized, Benjamin, with the help of his mother and his mother's boyfriend, acquired new electronic devices, and then continued to entice minors.

Benjamin's charged conduct — which carries a presumption of detention — combined with his decision to continue sexually enticing minor victims, proves by clear and convincing evidence that he poses a danger to the community that release conditions cannot sufficiently mitigate. Accordingly, the magistrate judge should not have ordered him released.

## I.     Procedural History

Benjamin is charged by complaint in this case with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). On October 2, 2020, he made his initial appearance and was arraigned on the criminal complaint. The government moved for detention at the appearance, and submitted a memorandum in support of its motion on October 6, 2020. *See* Dkt 8. On October 8, the parties appeared before the Hon. Magistrate Judge Nathanael Cousins, who ordered the defendant released on a $25,000 unsecured bond, signed by a surety and requiring the surety also to be a custodian.

## II.    Legal Standard

On a bail appeal, the Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990); *see also* 18 U.S.C. § 3145(a)(1). The record is not limited to those facts that were presented to the magistrate judge. Rather, this Court should "make its own 'de novo' determination of the facts," and the "ultimate determination of the propriety of detention is to be decided without deference to the magistrate's ultimate conclusion." *Koenig*, 912 F.2d at 1193.

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both.

*United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B).

**III.   Argument**

Because this is "an offense involving a minor victim" under 18 U.S.C. § 2252(a)(2), "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). Benjamin has failed to produce credible evidence that he will not continue to remain a threat to the community. Moreover, "[t]he presumption [of detention] is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Here, all four § 3142(g) factors counsel against release.

   A.   <u>The Instant Offense Proves that Benjamin Has a Penchant for Exploiting Children.</u>

Benjamin began communicating with Minor Victim 1 in 2018 — when she was about 14 years old. Her age was a fact that Benjamin knew and cherished.

| | |
|---|---|
| [Benjamin]: | I'm bot [sic] going to leave you because of your age dummy. How old are you? 16? 15? 32? |
| Minor Victim 1: | 14 … turning 15 on [REDACTED] |
| [Benjamin]: | Okay that's fine<br>You're still my little girl<br>Jeez<br>I still love you<br>Okay? |

Benjamin's electronic devices contained numerous sexually explicit images and videos of Minor Victim 1. These videos, which are consistent with descriptions provided by Minor Victim 1 to law enforcement, include videos of the child victim fully naked, massaging her breasts, and digitally penetrating her vagina with her fingers. During the search of his residence, Benjamin was interviewed by the FBI. He told agents that he meets many girls online through gaming platforms and then chats with them through applications such as Discord, Instagram, and Snapchat. When shown images of Minor Victim 1, Benjamin recognized her and provided her true name. He said that he believed she was 16 or 17 years old, and admitted to exchanging sexually explicit images and videos with her.

In addition to Minor Victim 1, Benjamin enticed several other children, and received sexually explicit images and videos from at least two others.[2] Minor Victim 2 was about 13 or 14 years old when she engaged in sexual chats and sexual videos with Benjamin. Minor Victim 3 was about 15 years old when she sent sexually explicit images to Benjamin and masturbated on video chats with him.

Further, Benjamin didn't just receive child pornography from his minor victims — he made them *produce* the pornography. He can even be seen instructing his victims and masturbating in video calls with them. Though the complaint charges Benjamin only with receipt of child pornography, his related conduct of producing child pornography (in potential violation of 18 U.S.C. § 2251(a)) and enticing children to engage in unlawful sexual activity (in potential violation of 18 U.S.C. § 2422(b)) are important to consider when evaluating the seriousness of the danger he poses.[3] Suicide, lifelong symptoms of post-traumatic stress disorder, and chronic difficulties with trust and intimacy are some of its documented consequences.[4]

B.  Benjamin's Post-Search Predatory Conduct Proves that He Will Remain a Danger to Society If Released.

When the FBI interviewed him in March 2020, Benjamin seemed surprised to hear that it was illegal to obtain child pornography from minors over the Internet. But Benjamin had ample opportunity to course correct after the FBI confronted him and seized his devices. Instead, Benjamin acquired new devices with the help of his mother and his mother's boyfriend, and continued to engage in sexually explicit conversations with potential minors.

For instance, in the months following the FBI's execution of the March search warrant, Benjamin engaged in the following conversations with Discord User 2 — whose profile and messages strongly indicate that she is a minor.

*April 22, 2020*
Discord 2:    Why is ur game name kyle but ur discord name Jade?

---

[2] His phone contained evidence of multiple conversations with potential additional victims. Other records confirm that Benjamin has a pattern of reaching out to females, several of whom are confirmed minors, and engaging in enticement and grooming behavior.

[3] A letter from the parent of one of Benjamin's minor victims is being made available to the Court, defense counsel and Pretrial Services in conjunction with this motion.

[4] *See* https://www.scientificamerican.com/article/the-coronavirus-pandemic-puts-children-at-risk-of-online-sexual-exploitation/ (last accessed October 5, 2020).

| | | |
|---|---|---|
| 1 | [Benjamin]: | Its part of a long story lol |
|  | Discord 2: | So are u a guy or a girl? |
| 2 | [Benjamin]: | Im a guy |
|  |  | I think |
| 3 | Discord 2: | Okie |
|  | [Benjamin]: | Lemme check |
| 4 |  | Yup still a guy |
|  | [Benjamin]: | Wait how old are you |
| 5 | Discord 2: | Guess |
|  |  | How old do I seem |
| 6 | [Benjamin]: | Id say an educated guess would be *[Note: This is verbatim from Discord returns. Nothing further was reported.]* |
| 7 | Discord 2: | Yeee |
|  |  | Good job |
| 8 |  | I mean yeah pretty much |
|  | [Benjamin]: | Fuck im good lmao |
| 9 |  |  |
|  | [Benjamin]: | Why are you up child |
| 10 |  | I just broke up with someone a couple days ago and theyre from Texas |
| 11 | Discord 2: | Are you putting your Minecraft beds together |
|  | [Benjamin]: | Im just going over for a quick fuck in the able sisters store |
| 12 |  |  |
|  | *April 23, 2020* |  |
| 13 | [Benjamin]: | My sex dungeon |
|  |  | Lots of things to use |
| 14 |  | Im trying to get casting couch |
|  |  | You can go fuck yourself down there LOL |
| 15 |  | Ok get naked and come to dungeon |
|  | Discord 2: | Oki |
| 16 | [Benjamin]: | You wanna do thr [sic] fucking or be fucked |
|  | Discord 2: | U choose |
| 17 | [Benjamin]: | You know how to record video right |
|  | Discord 2: | U just hold it down right |
| 18 | [Benjamin]: | Yup |
|  |  | It caps last 30 seconds |
| 19 |  |  |
|  | *April 24, 2020* |  |
| 20 | [Benjamin]: | When is your bday again |
|  |  | Jan? |
| 21 |  | You were like |
|  |  | I wish youbwere [sic] younger and lived near me |
| 22 |  | And it wouldnt be weird calling you daddy |
|  | Discord 2: | I hate online schoollllll |
| 23 |  | My English teacher is a dick so I just dont do his work |
|  |  | The only thing I can keep up with is math |
| 24 |  | And sometimes science |
|  |  | My school also shoved most classes together so I only have science math eng and history |
| 25 |  |  |
|  |  | And pe on tues and thurs |
| 26 |  |  |
|  | [Benjamin]: | You're literally gonna be like a sex toy to me |
| 27 | Discord 2: | Am I really bout to drive up to bay for a fuck |
|  |  | Ur a whole 7 hours away |
| 28 | [Benjamin]: | Plus i can come down there too |

UNITED STATES' MEMORANDUM RE RELEASE ORDER
CR 20-71406 MAG                                    5

| | | |
|---|---|---|
| 1 | [Benjamin]: | You probably touch yourself more than me no cap |
| | Discord 2: | I never said that |
| 2 | [Benjamin]: | You dont have to |
| | Discord 2: | I said I was a virgin |
| 3 | [Benjamin]: | So key is to get get really wet before I thrust in |
| 4 | *April 25, 2020* | |
| | [Benjamin]: | You should try lightly pinching and twisting your nipples |
| 5 | | Twist and pull till you slip off |
| | | Grope yourself while rubbing yourself |
| 6 | | Or maybe you have to hear me order you to |
| | Discord 2: | Maybe |
| 7 | [Benjamin]: | How about you try doing it rn |
| | | For daddy (; |
| 8 | Discord 2: | Okayyyyy |
| | [Benjamin]: | Lemme know how you like it |
| 9 | | Are you doing okay babygirl |
| | | I dont think i have you permission to rub |
| 10 | | Unless you are counting my suggestion |
| | Discord 2: | I am sorry |
| 11 | | I haven't came yet tho |
| | | Daddy can I cum? |
| 12 | [Benjamin]: | Are you like |
| | | Fully masturbating? |
| 13 | | Okay switch hands and finger with your right and suck the wet off your left |
| | Discord 2: | Yes daddy |
| 14 | [Benjamin]: | Good girl |
| | | I want you to do that till the wet is all off your fingers |
| 15 | | Let me know when you finish that |
| | Discord 2: | It's all gone |
| 16 | [Benjamin]: | Thats my girl |
| | | Now switch again and suck your right |
| 17 | | |
| | [Benjamin]: | Can i actually trust you |
| 18 | Discord 2: | Yee |
| | | Where did that question come from? |
| 19 | [Benjamin]: | I just |
| | Discord 2: | You won't |
| 20 | | I would never tell anyone |
| | [Benjamin]: | Im an adult right |
| 21 | Discord 2: | But if it makes you uncomfortable we can just be friends and talk normal until later |
| 22 | [Benjamin]: | Bruh itll be again |
| | Discord 2: | You don't actually touch me |
| 23 | [Benjamin]: | True.. |
| | | Why do you actually want me to fuck you lmao |
| 24 | | |
| | [Benjamin]: | We can't treat it like a relationship okay |
| 25 | | What's off limits for you |
| | | Besides meeting |
| 26 | Discord 2: | Wym |
| | [Benjamin]: | Like what are things we arent going to do |
| 27 | | Since phone sex is gonna be a thing |
| | | Like are we gonna send nudes etc |
| 28 | Discord 2: | Uhmmmmmmm idkkkk |
| | [Benjamin]: | Youve neber [sic] send nudes huh |

| | | |
|---|---|---|
| Discord 2: | You tell me ur limits first while I think | |
| [Benjamin]: | I have no limit besides no saving sexual content | |
| Discord 2: | If we aren't saving it then should we use snapchat? | |
| [Benjamin]: | Yup | |

*April 26, 2020*

| | |
|---|---|
| [Benjamin]: | I kinda wanna cum but people are home |
| | I can get hard |
| | Why |
| Discord 2: | Why can't you cum? |
| [Benjamin]: | I mean i can i guess |
| | Should I? |
| | You want anything while i do it |
| Discord 2: | Do I want nudes? |
| | Sure |
| [Benjamin]: | Sure thing |
| | You wanna touch with me or is it too risky |
| Discord 2: | I think I cannnn |
| [Benjamin]: | Okie dokes |
| | Pants off? |
| Discord 2: | Always |
| [Benjamin]: | Rub, but on the outside of your panties |
| Discord 2: | Yes daddy |
| [Benjamin]: | Use your other hand to play with your nipples and squeeze your tits |
| Discord 2: | Yes daddyyy |
| [Benjamin]: | Good girl |
| | Hmmmcheck snap |
| [Benjamin]: | Now you can move your panties aside and rub your clit |
| Discord 2: | Thank you daddy |
| [Benjamin]: | You think you can show me putting one finger in? |
| Discord 2: | Yessss |
| [Benjamin]: | Good girl |

*April 30, 2020*

| | |
|---|---|
| [Benjamin]: | Shower picks sc |

*May 5, 2020*

| | |
|---|---|
| Discord 2: | Maybe I am actually good at deepthroating lmao |
| [Benjamin]: | Hmmmmm |
| | I guess we'll see when i fuck you right? |

Thus, Benjamin is undeterred by the law and has proven himself capable of finding the means — including with the help of his mother, who was assigned custodian by the magistrate judge, and her boyfriend, the only other proposed custodian — to continue endangering children upon release.

C.      The Conditions of Release in the Magistrate Judge's Order Do Not Mitigate Danger.

In ordering pretrial release, the magistrate judge agreed with the recommendation of Pretrial Services that Benjamin be released under certain conditions. But those special conditions are insufficient to mitigate the danger that Benjamin presents.

First, Benjamin's mother, Ms. Guevarro, is not qualified to serve as the "eyes and ears" of the Court. According to interviews, she and Benjamin do not have a close relationship and do not interact much despite the fact that Benjamin lives with her, her boyfriend James Tan, and three of Benjamin's siblings (two of whom are minors). More concerning, it was Ms. Guevarro who purchased a new cell phone for her son and it was her boyfriend who gave him money to purchase new computer parts — *after* Ms. Guevarro and Mr. Tan had seen a copy of the search warrant, had their residence searched, and been informed of the alleged illegal conduct.

Second, a night curfew (or any curfew) does not mitigate the danger in this case, which manifests not on streets but online. Benjamin is unemployed and appears to seldom leave his home anyway. A curfew would not prevent him from staying home in his bedroom and sexually enticing children over the Internet.

Third, his allowance of two electronic devices are problematic for obvious reasons. Benjamin is not employed; he is not in school; and he has said that he has no friends outside the Internet. As a result, allowing Benjamin access to electronic devices though he has no educational, economic, or social need for them is akin to allowing an alleged shooter access to a firearm.

### D. The § 3142(g) Factors Weigh Against Pretrial Release.

Even if Benjamin were to rebut the presumption of pretrial detention, the § 3142(g) factors weigh against pretrial release in this case. *Cf. United States v. Marigny*, No. 20-MJ-70755-MAG-1, 2020 WL 4260622, at *1 (N.D. Cal. July 24, 2020) (granting motion to revoke pretrial release order where defendant masqueraded as a teenage girl on Instagram to induce, entice, persuade, and use preteen and teenage boys to create and send him visual depictions of sexually explicit conduct, and to engage in sexual conduct.)

The nature and circumstances of the offense charged. Congress has recognized that, "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. at 3009, 3009-27 (1996). Additionally, the Supreme Court has said that child pornography "produces concrete and devastating harms for real, identifiable victims." *Paroline v. United States*, 572 U.S. 434,

457 (2014). Courts considering the matter have thus found that even possession of child pornography — let alone receipt after enticement and production — weighs in favor of detention. *See United States v. Bell*, No. SACR 08-00087-MMM, 2008 WL 11411709, at *2 (C.D. Cal. June 6, 2008) (collecting cases).

Weight of the evidence. Though the "least important of the various factors," courts must consider the evidence in terms of the likelihood that defendant will pose a danger. *Hir*, 517 F.3d at 1090. As discussed above, the weight of the evidence against Benjamin is considerable. It includes his receiving child pornography from at least three minor victims, as well as his admissions relating to Minor Victim 1.

Defendant's history and characteristics. Benjamin's decision to continue engaging in sexually explicit conversations with potential minors even after the FBI executed a search warrant in his home confirms that he is a predator who, regardless of the conditions imposed, will remain a threat to children if released. Additionally, in interviews, both Benjamin and his mother have stated that the two are not close, and that Benjamin does not have much interaction with her or his other family members.

Nature and seriousness of the danger to the community. Danger is no less real simply because it presents itself online. The potential further commission of similar offenses against minor victims presents a grave risk to potential victims and the community at large. The production, collection, and/or transmission of child pornography inflicts lifelong damage on its victims. Benjamin's communications with minor victims reflect a mastery over techniques that are known to be used by sexual predators of children, such as asserting himself as an authority figure, using romantic or intimate language, engaging in sexually explicit conversations, indicating a desire to meet in person, and using guilt to deter children from disengaging from contact. His conduct therefore poses no less danger than — and can be as lethal as — loaded weapons or addictive drugs.

Finally, nothing about the COVID-19 pandemic mitigates the danger that Benjamin poses if released. To the contrary, limitations wrought by the pandemic make it *more* likely that he will successfully exploit his home- and technology-bound minor victims. Further, the government is aware of no facts (such as advanced age or medical condition) that would place Benjamin at greater risk of developing a serious illness if he contracted COVID-19.

*****

Because there are no conditions of release that could reasonably assure the safety of the community, in particular Benjamin's minor victims, the United States requests that he be detained.

**Motion to Revoke Release Order and Order Defendant Detained**

On October 8, 2020, Magistrate Judge Cousins ordered the defendant released, with conditions, on a $25,000 unsecured bond, signed by a surety and requiring the surety also to be a custodian. Upon the government's request, Magistrate Judge Cousins stayed the release order for approximately 24 hours, until noon on October 9, 2020.

The parties are scheduled to appear before this Court on October 14, 2020. To avoid premature release of defendant before this Court has had the opportunity to review Magistrate Judge Cousins's release order, the United States requests that the release order be stayed until October 14, 2020.

DATED:  October 8, 2020

Yours sincerely,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
MOHIT GOURISARIA
Assistant United States Attorney

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOHIT GOURISARIA (CABN 320754)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7063
    Fax: (415) 436-7234
    mohit.gourisaria@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-71406 MAG |
| Plaintiff, | [PROPOSED] ORDER STAYING ORDER GRANTING RELEASE OF DEFENDANT |
| v. | |
| ADRIAN KYLE BENJAMIN, | |
| Defendant | |

For good cause shown, the United States' application for a stay of Magistrate Judge Nathanael Cousins's order granting release to defendant Adrian Kyle Benjamin in the above-captioned case is GRANTED. The release order is STAYED until October 14, 2020, when the parties will appear before this Court. It is further ORDERED that defendant is to remain in the custody of the United States Marshals Service until further order of this Court.

DATED:

                                         HONORABLE EDWARD M. CHEN
                                         United States District Judge