STEVEN KALAR
Federal Public Defender
DANIEL P. BLANK
Senior Litigator
450 Golden Gate Avenue
San Francisco, California  94102
Telephone:  (415) 436-7700
Facsimile:   (415) 436-7706
Email:         Daniel_Blank@fd.org

Counsel for Defendant benjamin

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN KYLE BENJAMIN,<br><br>Defendant. | **Case No.:** CR 3-20-MJ-71406 (EMC)<br><br>**OPPOSITION TO GOVT'S MOTION TO REVOKE RELEASE  ORDER**<br><br>**Court:**   Hon. Edward M. Chen<br>**Date:**    October 14, 2020<br>**Time:**    2:30 p.m. |

**INTRODUCTION**

Consistent with the recommendation of U.S. Pretrial Services, Defendant Adrian Kyle Banjamin was granted pretrial release by the magistrate judge on a bond signed by a viable surety and imposing restrictive conditions, including electronic monitoring and mental health treatment. Because the government has not met its burden of proving by clear and convincing evidence that Mr. Benjamin poses such a risk of danger to other persons that no release condition, or combination of release conditions, would reasonably assure the safety of the community, the Court should deny the government's motion revoke the release order.

**ARGUMENT**

**I. LEGAL STANDARD AND BURDEN OF PROOF UNDER BAIL REFORM ACT**

Under the Bail Reform Act, the government is entitled to seek review of a magistrate judge's release order by "the court having original jurisdiction over the offense." 18 U.S.C. § 3145(a)(1). This Court reviews the magistrate judge's detention order de novo. *United States v. Koenig,* 912 F.2d 1190, 1191 (9th Cir. 1990).

Pursuant to the procedures set forth in 18 U.S.C. § 3142, criminal defendants are ordinarily entitled to release before trial. *See United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985). Moreover, pursuant to that statute, an accused person shall be released pretrial on the "least restrictive" combination of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Only in "rare circumstances" may a court order a defendant detained pending trial. *Motamedi,* 767 F.2d at 1405. These circumstances are limited to those in which a judge finds that "no condition or combination of conditions" will (1) "reasonably assure" the appearance of the person at trial, and (2) "reasonably assure" the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Chen,* 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) ("Section 3142 does not seek ironclad guarantees, and the requirement that the conditions of release 'reasonably assure' a defendant's appearance cannot be read to require guarantees . . . .") (citations omitted). Along these lines, as to danger, the government bears the burden of proving by clear and convincing evidence first that a defendant poses a danger to the

community, and then that there is no combination of conditions that will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e)-(f); *see also Motamedi,* 767 F.2d at 1406-07. Regarding allegations of danger, pretrial release therefore "should be denied only for the strongest of reasons." *Id.* at 1407 (citation omitted).

In determining whether the government has met its burden, the Court is required to take into account the following factors:

> (1) The nature and circumstances of the offense charged . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). Significantly, the "weight of the evidence" in support of the charge against the defendant "is the least important of the various factors." *Motamedi,* 767 F.2d at 1408. Moreover, "[a]lthough the statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id.* (citation omitted).

The charge here of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), carries a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(E). However, this rebuttable presumption "shifts only a burden of production to defendant" and that the "government retains the burden throughout the proceeding" to show that no condition or combination of conditions would reasonably assure defendant's appearance at trial and the safety of the community. *United States v. Moore,* 607 F. Supp. 489, 497 (N.D. Cal. 1985). In rebutting a presumption under § 3142(e)(3), the "defendant does not bear a heavy burden." *United States v. Sexton,* 2019 WL 1318344 (D. Utah Mar. 22, 2019) at *2 (citations omitted). For example, the presumption may be rebutted

by a condition of electronic monitoring, a third party custodian, or a recommendation of release by U.S. Pretrial Services. *See, e.g., United States v. Leyba,* 104 F. Supp.2d 1182, 1183-84 (S.D. Iowa 2000); *United States v. Robinson,* 733 F. Supp. 280, 282 (N.D. Ill. 1990).

Accordingly, as Pretrial Services has recommended release in this case and Mr. Benjamin's mother has already signed onto his bond as a willing surety pursuant to the magistrate judge's release order, this Court should hold that Mr. Bejnamin has rebutted the presumption of detention and that the government must now carry the burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if he is granted pretrial release.[1]

## II. THE GOVERNMENT HAS NOT MET ITS BURDEN HERE FOR DETENTION

The government has failed to meets its burden of proving by clear and convincing evidence that Mr. Benjamin poses such a risk of danger that no release condition or combination of release conditions would reasonably assure the safety of the community. On the contrary, the conditions including electronic monitoring and mental treatment imposed by the magistrate judge, consistent with recommendation of U.S. Pretrial Services, will reasonably assure the safety of the community. Accordingly, the Court should deny the government's motion to revoke the magistrate judge's release order.

Mr. Benjamin turns 25 years old this month.[2] He lives in San Mateo with his mother, Lauren Guevarro, and her partner, James Tan, as well as his two siblings. Mr. Benjamin, a high school graduate, has a confirmed history of regular employment, although like many people this year he has been unemployed for the past several months. Mr. Benjamin has no prior criminal convictions, arrests or law enforcement contacts of any kind whatsoever. Nor does he have any history of abusing controlled substances, although he does claim to suffer from anxiety and depression, and he believes he would benefit from treatment. Mr. Benjamin and his family have been cooperative with law enforcement since this case was initiated.

---

[1] The government does not contend that the release conditions ordered by the magistrate judge would fail to reasonably assure Mr. Benjamin's appearance as required. See Gov. Mot. at 2.
[2] Unless otherwise noted, this factual proffer herein is based on the bail report prepared by U.S. Pretrial Services.

3

1         Pretrial Services recommended that Mr. Benjamin be released on a $25,000 unsecured
2    bond, with his mother acting both as surety and custodian, with additional conditions including
3    electronic monitoring and mental health treatment.  The magistrate judge followed this
4    recommendation of Pretrial Services and ordered Mr. Benjamin released, adding a condition
5    that he not consume alcohol.  Mr. Benjamin's mother and her partner both offered to serve as
6    sureties on a bond of any amount but, consistent with the recommendation of Pretrial Services,
7    the magistrate judge relied solely upon the mother.
8         In moving for a revocation of the release order, the government focuses almost
9    exclusively on the nature of the charges and the weight of the evidence, which is the least
10   important factor.  *See* Gov. Mot. at 3-9.  The government also contends that Mr. Benjamin's
11   mother and her partner are supposedly unworthy of serving as sureties or custodians because
12   they are allegedly not close to him and, after law enforcement seized Mr. Benjamin's phone
13   and computer, they provided the means for him to replace them.  The government's contentions
14   are belied by the record.  Clearly, Mr. Benjamin's mother and her partner are close to him,
15   otherwise they would not put themselves at risk financially and legally by offering to serve as
16   custodian and surety.  Moreover, they were not advised by law enforcement of any charges, or
17   even the nature of any suspicion, against Mr. Benjamin when his phone and computer were
18   seized.  Accordingly, the government's attempt to infer some nefarious intent on their part must
19   fail.
20        Finally, if the Court nevertheless remains concerned, there is ample room to modify the
21   conditions of release in the magistrate judge's release order rather than revoke it entirely.  For
22   example, the Court could add Mr. Tan as a second surety, or impose tighter restrictions on the
23   electronic monitoring.  Thus, the government has failed to demonstrate by clear and convincing
24   evidence that the Court has no choice but to revoke Mr. Benjamin's release order.
25   / / /
26   / / /
27   / / /
28   / / /

**CONCLUSION**

For the aforementioned reasons, the Court should deny the government's motion to revoke the magistrate judge's release order.

Respectfully submitted,

Dated:   October 12, 2020

STEVEN KALAR
Federal Public Defender
Northern District of California

_____/S_____
DANIEL P. BLANK
Assistant Federal Public Defender