DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOHIT GOURISARIA (CABN 320754)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7063
   Fax: (415) 436-7234
   mohit.gourisaria@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ADRIAN KYLE BENJAMIN,<br><br>    Defendant. | CASE NO. CR 20-71406 MAG<br><br>REPLY MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO REVOKE RELEASE ORDER AND ORDER DEFENDANT DETAINED<br><br>Judge:  Hon. Edward M. Chen<br>Date:   October 14, 2020<br>Time:   2:30 p.m. |

    In opposing his detention, Benjamin argues that he has no prior criminal history and that a $25,000 unsecured bond, in combination with his mother serving as custodian, suffices to mitigate the serious danger he poses to others. But an absence of prior convictions does not evince an absence of long-standing, seasoned criminal activity. Benjamin began baiting children at least as far back as July 2018 — over two years ago. And he continued so doing even after the FBI had seized all his electronic devices. More telling, Benjamin's opposition is silent on the two most important considerations: Benjamin's continued enticement of children to produce sexually explicit content after the FBI's March 2020 search; and Benjamin's mother's (as well as her boyfriend's) decision not to intervene and rather to provide Benjamin the means to continue sexually exploiting children after the FBI informed them of

his alleged conduct. Benjamin's inability to address these issues proves the presumption that he remains a serious, predatory danger to children who are especially vulnerable during the pandemic.

**I.      Benjamin's sexual exploitation of children continued after he, as well as his mother and her boyfriend, were informed of the alleged conduct during the March 2020 search.**

Benjamin does not deny that he was questioned about his enticement of children to produce child pornography during the FBI's search of his residence. But he claims that his mother and her boyfriend were not aware of his conduct. That contention, however, is belied by the fact that law enforcement informed Benjamin of the nature of their investigation whilst both Ms. Guevarro and Mr. Tan were present; left behind a copy of the search warrant; interviewed both Ms. Guevarro and Mr. Tan; and interviewed Benjamin's adult brother (and roommate) specifically about Benjamin's sexual interest in children. Moreover, if Benjamin does in fact have a close relationship with Ms. Guevarro and Mr. Tan, he presumably explained the cause of the search to his elders.

Further, contrary to Benjamin's position, the government does not seek to impute any "nefarious intent" on Ms. Guevarro and Mr. Tan. It seeks only to proffer facts that inform the soundness of Ms. Guevarro or Mr. Tan being selected as potential custodians, whereas the defense wishes to assign them a role that is undermined by their actual relationship to Benjamin. In her March 2020 interview with the FBI,[1] Ms. Guevarro stated that Benjamin spends a lot of time on the internet; that she and Benjamin do not talk a lot; that she does not like that he is unemployed; and that he thinks she is a "mean monster." Similarly, Mr. Tan stated that he does not talk to Benjamin about how Benjamin is doing; that Benjamin has no job and stays in his room all day; and that Benjamin sometimes cooks for his minor siblings but does not hang out with them.

Ultimately, it remains undisputed that Ms. Guevarro and Mr. Tan helped Benjamin gain access to new devices through which he continued to exploit and endanger children.[2] Benjamin's opposition does not proffer why, having failed once, they should be given another opportunity — why a failure that resulted in additional victims (and one that easily could have been avoided) should be held against

---

[1] Notes from the FBI's March 2020 interviews, including Benjamin's, Ms. Guevarro's, and Mr. Tan's, were produced to defense counsel on October 7, 2020.

[2] The government has no reason to believe that either of them, in providing Benjamin with new devices, intended for Benjamin to sexually exploit minors.

UNITED STATES' MEMORANDUM RE RELEASE ORDER
CR 20-71406 MAG                                                                 2

potential future victims of Benjamin rather than against Benjamin, the predator himself.[3]

## II. The magistrate judge's release conditions do not sufficiently mitigate Benjamin's danger.

As discussed above and in the government's motion, there are no conditions of release that would reasonably assure the community's safety. *Cf. United States v. Marigny*, No. 20-MJ-70755-MAG-1, 2020 WL 4260622 (N.D. Cal. July 24, 2020) (granting motion to revoke pretrial release order where defendant masqueraded as a teenage girl on Instagram to induce, entice, persuade, and use preteen and teenage boys to engage in, and to create and send him visual depictions of, sexually explicit conduct.) The paltry conditions imposed by the magistrate judge help explain why.

Benjamin — who, according to interviews with him and his mother, is not employed, not in school, and does not have any friends — appears to use electronic devices primarily to exploit children. The magistrate judge's release order allows him two electronic devices, the very weapons Benjamin has successfully deployed to cause lasting damage on his victims. Just as a court would want to ensure that an alleged serial shooter on pretrial release not have access to a firearm, only a condition that removes any and all *access* to electronic devices can ensure that Benjamin is unable to sexually entice children. That condition seems, at best, aspirational. Even if he is not allowed devices of his own, Benjamin would have access to devices belonging to his family members, including his brother (with whom he shares a bedroom), his mother, and Mr. Tan, all three of whom are employed and not home to monitor Benjamin. Further, Benjamin owns a car and has a driver's license. He could drive to a store and purchase new equipment without informing his custodian. He could order devices online for delivery whilst others are not home. There can be no doubt that Benjamin is capable of concealing his conduct and covering his tracks. He sexually exploited minors to produce child pornography (and even participated or masturbated in the process) over a substantial period of time, while sharing a bedroom with his brother and a house with Mr. Tan, Ms. Guevarro, and his minor siblings.

Relatedly, Benjamin's crime is committed in the shadows, from the safety of his bedroom and his home. His chats indicate that he converses with his victims at all hours, including when minors are in school and, due to the pandemic, most likely to be online. In other words, conditions around when he

---

[3] Letters from the parent of one of Benjamin's minor victims was made available to the Court and defense counsel in conjunction with this motion on October 8, 2020.

may leave the house (which he seldom does) do not mitigate the danger Benjamin poses.

The *Marigny* court, addressing concerns similar to those presented here, held that "[w]hile phones and computers may be placed out of reach to limit Defendant's Internet access, they are overwhelmingly available in the community such that Defendant could gain access to the Internet with virtually no supervision and pretrial services would not be sufficiently alerted of Defendant's breach of his conditions." *Id*. at *5. This Court should also order Benjamin detained.

**III.    The danger that Benjamin poses should not be discounted because it exists online.**

Child pornography "produces concrete and devastating harms for real, identifiable victims." *Paroline v. United States*, 572 U.S. 434, 457 (2014); *see also United States v. Bell*, No. SACR 08-00087-MMM, 2008 WL 11411709, at *2 (C.D. Cal. June 6, 2008). Here, the victims are all the more real and identifiable because Benjamin picked them, enticed them, and made them produce child pornography in the first place. And the harm done to them is attributable *solely* to Benjamin. Suicide, lifelong symptoms of post-traumatic stress disorder, and chronic difficulties with trust and intimacy — harms no less serious than those wrought by violent crimes committed in person — are some of the consequences of online sexual exploitation.[4]

The dangers of the online world, particularly to children who grew up with it and inhabit it no less seriously or fully than their worlds outside, are real, like danger felt in a playground or a cafeteria. To predators like Benjamin, the current pandemic, which has left children no choice but to learn, socialize, and play online, is an opportune moment to successfully exploit them online.

DATED:  October 13, 2020

Yours sincerely,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
MOHIT GOURISARIA
Assistant United States Attorney

---

[4] *See* https://www.scientificamerican.com/article/the-coronavirus-pandemic-puts-children-at-risk-of-online-sexual-exploitation/ (last accessed October 5, 2020).

UNITED STATES' MEMORANDUM RE RELEASE ORDER
CR 20-71406 MAG                                        4